## EDWARD RIDDLE *vs.* DANIEL J. COBURN.

An auctioneer, who had guarantied his sales, sold and delivered a chattel upon condition that the title should not pass until payment of the price; and upon the purchaser's failing to perform the condition, agreed with him to take the chattel, and settled with the seller of the chattel, after informing him of the facts. *Held,* that the auctioneer thereby acquired a perfect title, and might maintain trover against one claiming title by sale from such purchaser.

ACTION OF TORT against a deputy sheriff for the conversion of a carriage. Answer, a denial of the plaintiff's property.

At the trial in the court of common pleas at April term 1855, before *Mellen,* C. J., the evidence for the plaintiff proved that he was an auctioneer, and as such, on the 18th of March 1854, sold by public auction this carriage and others, belonging to Whittier, under an agreement that he should, as was his custom, guaranty to Whittier all the sales; that this carriage and others were bid off by Worcester; that the conditions of the sale were cash or indorsed notes satisfactory to the plaintiff; that Worcester failed to comply with these conditions, and the plaintiff, on the 20th of March, agreed in writing with Worcester that the latter should take the carriages which he had bid off, and store them for the plaintiff, and Worcester took them accordingly; and that the defendant, without the plaintiff's license, took the carriage from Worcester's stable.

There was also evidence that on the 14th of April 1854 the plaintiff settled with Whittier for all the carriages sold, having first informed Whittier that he bought the carriages bid off by Worcester; and that the defendant afterwards took this carriage on a writ of replevin in favor of one claiming under a sale made by Worcester on the 23d of March.

Upon the foregoing evidence, the defendant requested the judge to rule " that the plaintiff could not acquire a title to the carriage in question under a sale by himself as auctioneer, nor sell upon a condition, upon the failure of which the property should become his own, although he guarantied all the sales; and that the defendant, claiming under a subsequent purchase from Worcester, had a right to hold the alleged transfer of

Riddle *v.* Coburn.

title to the plaintiff as void; and so the plaintiff could not main- tain this action."

But the judge refused so to rule; and instructed the jury " that if they were satisfied that the sale was made to Worcester on a condition precedent, and that the delivery was on such condition; and that the condition was not complied with; and that the plaintiff had not in any way waived that condition; but that the carriage was delivered to Worcester on storage by the plaintiff, and for him, then the property did not pass to Worcester; and if the plaintiff, in pursuance of an agreement with Whittier before the sale, guarantied the sales, and afterwards settled with Whittier for the carriages as sold, he might maintain the present action." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*B. F. Jacobs*, for the defendant.

*S. J. Thomas*, for the plaintiff.

Shaw, C. J. The jury having found that the sale to Worcester was upon a condition which was never complied with, and that the delivery of the property was not made in pursuance of the sale, but for another special purpose, no property in the carriage ever passed to Worcester. But the plaintiff, under his agreement with Whittier to sell the carriage and guaranty the sale, had a special property in the carriage, good as against everybody but Whittier, with a good authority from him until revoked. When, after the sale, Whittier, so far from revoking the authority, insisted on his contract of guaranty, he affirmed the sale to Worcester, at the price at which Worcester bid off the carriage. The effect of the guaranty by the auctioneer was to stand in the place of the purchaser if required, to pay the price and receive the article in his place. The call of the owner upon the auctioneer to make good his guaranty was to require him to pay the price, upon payment of which the owner, by necessary legal implication, agreed that the carriage should be his; and it being already in his possession, this was a complete sale, and passed the property to him, as it would have done to Worcester, the purchaser, by force of the sale, had he complied with the condition and paid the price. The title of the plaintiff was then absolute. *Exceptions overruled.*